IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL - 8 2022
ARTHUR JOHNSTON
BY_____ DEPUTY

CRYSTAL PICKELL                                        PLAINTIFF

VS.                                                              NO: 3:22cv382HTW-LGI

YAZOO COUNTY, MISSISSIPPI;
**SHERIFF JACOB SHERIFF**, Individually and in his official
Capacity as the sheriff of Yazoo County, Mississippi Sheriff's Department;
**YAZOO COUNTY REGIONAL CORRECTIONAL FACILITY**;
**MISSISSIPPI DEPARTMENT OF CORRECTIONS**;
**JUNVETRIC L. SHAW**, Individually and in his Official Capacity as Warden of
Yazoo County Regional Correctional Facility;
**JAMES ALEXANDER**, in his Individual and
Official Capacity; **CHRISTOPHER HAYES**, in his
Individual and Official Capacity, and
**OHAJE BROWN**; in his
Individual and Official Capacity; and
JOHN AND JANE DOES 1-10 INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES                              **DEFENDANTS**

## COMPLAINT
{Trial by Jury Requested}

COMES NOW the Plaintiff Crystal Pickell, by and through her attorneys, John Hall and Damon R. Stevenson, and files this their Complaint against the Defendants, as follows:

### JURISDICTION AND VENUE

1.      This suit is authorized and instituted pursuant to 42 U.S.C. 1983, §, Fourteenth Amendment of the United States and Mississippi Constitutions. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (3) and 1331.

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2202.

2. Venue is proper pursuant to U.S.C. § 1391 (b) as substantial part of the events or omissions giving rise to these claims' acts complained of by Plaintiffs occurred in the Southern District of Mississippi, Mississippi.

## PARTIES

3. Plaintiff *Crystal Pickell is an adult resident citizen of Yazoo County, Mississippi, residing at 1203 Lamar Ave., Yazoo City, Mississippi 39194.*

5. The Defendant Yazoo County, Mississippi is a governmental entity of the State of Mississippi. This Defendant may be served with process through the Chancery Clerk of Yazoo County, Quint Carver, 211 E. Broadway Street, Yazoo City, Mississippi 39194.

6. The Defendant, Sheriff Jacob Sheriff, is the duly elected Sheriff of Yazoo County and can be served with process at 211 East Broadway Street, Yazoo City, Mississippi 39194.

7. The Defendant Yazoo County Regional Correctional Facility is a county/state facility monitored by the Defendant, Mississippi Department of Corrections, both of whom can receive service of process by and through the Attorney General of the State of Mississippi.

8. The Defendant, Junvetric Shaw, upon information and belief, was at all relevant times the warden of the Yazoo County Regional Correctional Facility and may be served with process at 154 Roosevelt Hudson Drive, Yazoo City, Mississippi 39194, or wherever he may be found.

9. James Alexander may be served wherever he may be found.

10. Christopher Hayes may be served wherever he may be found.

11. Ohaje Brown may be served wherever he may be found.

12. John and Jane Does 1-10 are various individuals employed by the Yazoo County Sheriff's Department, Mississippi Department of Corrections, and or the State of Mississippi, and may be served with process at 211 East Broadway Street, Yazoo City, Mississippi 39194 or upon the Attorney General of the State of Mississippi.

## STATEMENT OF FACTS

13. The Yazoo County Regional Correctional Facility (hereinafter referred to as *"Correctional Facility"* is a state-county correctional facility that employs guards, correctional officers, facilities staff and management to oversee and operate the facility. The staff is trained, managed, overseen and paid by Yazoo County and the Mississippi Department of Corrections (hereinafter referred to as *"MDOC"*).

14. Plaintiff Brown was a prisoner the Correctional Facility in December 2019. During the same period, Defendant James Alexander was employed at the correctional facility under the supervision of Defendant Sheriff and Defendant Mississippi Department of Corrections (MDOC) as a Night Sergeant.

15. On December 19, 2019, while *Plaintiff Pickell was an inmate* at the Correctional Facility, Defendant Alexander entered the women's segregation unit multiple times without being accompanied by any female correctional officers. At some point Defendant Alexander directed Plaintiff Pickell to move to an area that was isolated as well as hidden from cameras.

16. In the isolated and blind area of the women's segregation unit, Defendant Alexander sexually assaulted Plaintiff Pickell.

17. Defendant Alexander repeatedly, forcefully, and violently penetrated Plaintiff Pickell's vagina area with his fingers.

18. *After* Defendant Alexander's *violently and sexually assaulted and Pickell*, Defendant Alexander threatened Plaintiff Pickell.

19. On December 20, 2019, Plaintiff Pickell was again targeted for assault by employees Defendant Yazoo County, Defendant Sheriff, Defendant Shaw, and Defendant Mississippi Department of Corrections. Specifically, Defendant Brown and Defendant Hayes ordered Plaintiff Pickell from her cell. Defendant Brown and Defendant Hayes ordered Plaintiff Pickell to mop the floors, with the intent to isolate her so they could sexually assault her. Indeed, Defendant Brown and Defendant Hayes ordered Plaintiff Pickell to mop the floor near an exit area leaving out the restricted area. Defendant Brown and Defendant Hayes ordered Plaintiff Pickell to the employee's area. Defendant Brown ordered Plaintiff Pickell into the employee's bathroom. Confined to the bathroom, Defendant Brown forcefully restrained Plaintiff Pickell and forced her to have anal sex. Defendant Hayes too secluded Plaintiff Pickell to the employee's bathroom where he restrained Ms. Pickell and where he forcefully raped Pickell by having anal sex with her. Defendant Brown and Defendant Hayes used condoms and thereafter, ordered Plaintiff Pickell back to her cell.

20. Physically damaged, destroyed, and devastated by Defendant Alexander's sexual assault and Defendant Brown and Defendant Hayes' rapes, Plaintiff Pickell did not feel safe to report her sexual assault until a shift change on December 29, 2019.

21. Defendants Alexander, Brown, and Hayes, unrestricted and unsupervised contact with Plaintiff granted them one on one access, which was used by

*Defendants* Alexander, Brown, and Hayes to assault the very individual they were being paid to protect.

22. Defendants Alexander, Brown, and Hayes used their positions of authority to threaten and force Plaintiff into engaging in sexual activities and keep the abuse quiet for fear of immediate retaliation.

23. Defendants Shaw, Defendant Sheriff, Defendant MDOC, Defendant Yazoo, and their employees were grossly negligent in their duties to recruit, hire, train, manage, supervise, report, audit, discipline and terminate male correctional officers at the Correctional Facility and failed to prohibit staff from engaging in the sexual harassment and abuse of female inmates. As a result of these failures, and Plaintiffs suffered damages.

24. Defendant Shaw, Defendant Sheriff, Defendant MDOC, Defendant Yazoo, and their employees allowed *Defendants* Alexander, Brown, and Hayes allowed unrestricted and unsupervised access to female inmates. Said behavior caused Plaintiffs to be damaged and injured.

## CAUSES OF ACTIONS

## COUNT I : NEGLIGENCE and NEGLIGENCE PER SE

25. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-24.

26. Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo owed a duty to Plaintiffs while incarcerated at Yazoo to be free from violent acts of employees. Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo breached their duties to Plaintiffs by negligently hiring,

retaining, training, managing, disciplining, reporting and supervising the Defendants Alexander, Brown, and Hayes during Plaintiffs' incarceration at Yazoo.

27. Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo breached their duties to Plaintiffs by providing the Defendants Alexander, Brown, and Hayes with unrestricted and unsupervised one-on-one access to Plaintiffs while incarcerated at Yazoo despite knowledge of male guards with unsupervised access to female inmates.

28. As a direct and proximate cause of the negligence outlined above, Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo caused damage to Plaintiffs including psychological trauma, emotional distress, depression, physical trauma and pain and suffering.

29. Plaintiffs are entitled to damages from all Defendants for the negligence of the Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo in an amount to be determined at trial.

## COUNT II: ASSAULT AND BATTERY

30. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-29 of this Complaint as if fully set forth herein.

31. Defendants Alexander, Brown, and Hayes, acting within the course and scope of their employment with Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo, engaged in the assault and battery of Plaintiffs, through unwanted, non-consensual sexual abuse and harassment.

32. Defendants Alexander, Brown, and Hayes assaulted Plaintiffs by threatening to inflict injury upon them through unwanted, non-consensual sexual abuse and harassment.

33. Defendants Alexander, Brown, and Hayes were capable of fulfilling the threats of sexual assault as they were in a position of power and authority over Plaintiffs.

34. Defendants Alexander, Brown, and Hayes intentionally inflicted injury to Plaintiffs through unwanted, non-consensual sexual abuse and harassment.

35. As a direct and proximate cause of the assault and battery specified in paragraphs 30-35, Defendants Alexander, Brown, and Hayes caused damage to Plaintiffs including psychological trauma, emotional distress, depression, physical trauma and pain and suffering.

36. Plaintiffs are entitled to damages from all Defendants for the assault and battery committed by Defendants Alexander, Brown, and Hayes in an amount to be determined at trial.

## COUNT III: FALSE IMPRISONMENT

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-36 of this Complaint for Damages as if fully set forth herein.

38. Defendants Alexander, Brown, and Hayes, acting within the course and scope of their employment with the Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo, engaged in the false imprisonment of Plaintiffs, through unwanted, non-consensual sexual abuse and harassment.

39. Defendants Alexander, Brown, and Hayes (1) unlawfully detained and deprived Plaintiffs of their liberty, (2) such detainment was against Plaintiffs' will and consent, (3) such detainment was without legal authority or necessity and was done for the sole purpose of engaging in non-consensual sexual abuse and harassment, and (4) was unreasonable and unwarranted under the circumstances.

40. As a direct and proximate cause of the false imprisonment specified above in paragraphs 37-40, Defendants Alexander, Brown, and Hayes caused damage to Plaintiffs including psychological trauma, emotional distress, depression, physical trauma and pain and suffering.

41. Plaintiff are entitled to damages from all Defendants for the false imprisonment committed by the Defendants Alexander, Brown, and Hayes in an amount to be determined at trial.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-41 of this Complaint for Damages as if fully set forth herein.

43. Defendants Alexander, Brown, and Hayes, acting within the course and scope of their employment with Defendant Shaw, Defendant Sheriff, Defendant MDOC, and Defendant Yazoo, engaged in the intentional infliction of emotional distress of Plaintiffs, through unwanted, non-consensual sexual abuse and harassment.

44. Defendants Alexander, Brown, and Hayes conduct as described in paragraphs 42-43 was (1) intentional and reckless with knowledge that emotional distress would likely result, (2) outrageous and went beyond all bounds of decency to be tolerated in a civilized community, (3) the direct and proximate cause of the emotional distress endured by Plaintiffs, and (4) severe and damaging.

45. As a direct and proximate cause of the intentional infliction of emotional distress specified in paragraphs 42-44, Defendants Alexander, Brown, and Hayes caused damage to Plaintiffs including psychological trauma, emotional distress, depression, physical trauma and pain and suffering.

46. Plaintiff are entitled to damages from all Defendants for the intentional infliction of emotional distress committed by Defendants Alexander, Brown, and Hayes in an amount to be determined at trial.

## COUNT V: U.S.C 1983 AND FOURTEENTH AMENDMENT

46. All previous paragraphs of this Complaint are hereby incorporated by reference as if stated in full herein.

47. Plaintiff has a constitutional right, under the Due Process Clause of the Fourteenth Amendment to be free from sexual harassment and sexual abuse by Defendants Alexander, Brown, and Hayes.

48. Defendants Alexander, Brown, and Hayes sexual harassment/sexual abuse of Plaintiffs, which have already been described in this Complaint, violated and deprived Plaintiffs of their constitutional right under the Fourteenth Amendment to personal security, to bodily integrity, and to be free from sexual harassment by Defendants Alexander, Brown, and Hayes.

49. All Defendants are liable to Plaintiff for violating their constitutional right under the Fourteenth Amendment to personal security, to bodily integrity, and to be free from sexual harassment/sexual abuse.

50. All Defendant were acting under color of state law at all relevant times.

51. Defendant Shaw and Defendant Sheriff are personally liable to Plaintiff for Defendants Alexander, Brown, and Hayes violation of the Plaintiff's constitutional rights under the Fourteenth Amendment because: (a) They were acting at all relevant times under color of state law; (2) *They* learned of facts or a pattern of inappropriate sexual behavior by Defendants Alexander, Brown, and Hayes which pointed plainly toward the conclusion that Defendants Alexander, Brown, and Hayes

was sexually harassing/abusing Plaintiff; (3) They exercised deliberate indifference toward the constitutional rights of Plaintiffs by failing to properly train Defendants Alexander, Brown, and Hayes or take action that was obviously necessary to prevent or stop sexual harassment/abuse by Defendants Alexander, Brown, and Hayes of female inmates; and (4) the violation of Plaintiff's constitutional rights were made possible and/or caused by the deliberate indifference of Defendant Shaw, Defendant Sheriff, Defendant Yazoo, and Defendant MDOC.

52.    Defendant Shaw, Defendant Sheriff, Defendant Yazoo, and Defendant MDOC are liable to Plaintiffs for Defendants Alexander, Brown, and Hayes violation of Plaintiff's constitutional rights under the Fourteenth Amendment because the unconstitutional actions of Defendants Alexander, Brown, and Hayes were encourage, approved, caused by, tolerated, permitted, or ratified by establish customs, policies, practices, or procedures established by the Defendant Shaw, Defendant Sheriff, Defendant Yazoo, and Defendant MDOC, including but not limited to:

    a.    Failing to adequately investigate the background and employment of Defendants Alexander, Brown, and Hayes;

    b.    Failing to train staff on how to handle and to report inappropriate sexual activity between male employees and female inmates;

    c.    Failing to train staff to abstain from having sexual relations with inmates;

    d.    Failing to train employees on how to recognize and report a sexual relationship or inappropriate behavior between an employee and an inmate;

 e. Failing to train employees to immediately secure necessary medical treatment employees becomes aware of a sexual relationship between an employee and employee;

 f. Failing to conduct reasonable investigations following employees witnessing inappropriate contact between employees and inmates;

 g. Failing to employees on how to conduct a reasonable investigation in response to a complaint that an inmate is being sexually abused by an employee;

 h. Failing to train employees on how to properly supervise employee's counselor who may a sexual inclination to harass female inmates;

 i. Failing to train or terminate employees who are having a sexual desire towards an inmate;

 j. Failing to employees on how to provide counseling for inmates who have been sexually harassed/abused by staff;

 k. Failing to train employees on how to protect inmates from violations of their constitutional right to person security and bodily integrity, including the right to be free from sexual harassment from staff; and

 m. Other unconstitutional customs or policies, which encourage sexual harassment by staff towards female inmates.

## DAMAGES

53. As a consequence of the foregoing misconduct of all Defendants, Plaintiff has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

54. Plaintiff request that the Court issue the following relief:

a. Enter declaratory relief declaring that Defendants violated Plaintiff's rights and enjoining Defendants from in the future engaging in such unlawful conduct.

b. Award Plaintiff damages for the harm they suffered, together with compensatory and punitive damages in an amount to be determined by a jury of his peers.

c. Award Plaintiff attorney fees, costs, and expenses of litigation and;

d. Award such other relief to which Plaintiff may be entitled under law.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Pickell, demands judgment against all Defendants, joint and severally, in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

RESPECTFULLY SUBMITTED this, the 5th day of July, 2022.

CRYSTAL PICKELL

By: _____
John Hall, MSB #
**Damon R. Stevenson, MSB 102945**

John Hall
The Hall Law Group, PLLC
263 E. Pearl Street
Jackson, MS 39201
Phone: 601-398-2089
Fax: 601-949-3399
Attorney for Plaintiff

Damon R. Stevenson, MSB #102945
STEVENSON LEGAL GROUP, PLLC
1010 N. West Street
Jackson, MS 39202
P: (769) 251-0207

F: (601) 608-7872
Attorney for Plaintiffs