**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CRYSTAL PICKELL**                                                     **PLAINTIFF**

**vs.**                                              **CRIMINAL No. 3:22-CV-382-HTW-LGI**

**YAZOO COUNTY, MISSISSIPPI, et al.**                          **DEFENDANTS**

---

**ORDER**

---

**BEFORE THIS COURT** is the Plaintiff Crystal Pickell's ("Pickell" or "Plaintiff")

Motion for Award of Damages Based on Default Judgment **[Docket no. 12]**. On May 15, 2024,

the Clerk of Court entered a default judgment against Defendant Jacob Sheriff after he failed

to answer or otherwise defend this action. Plaintiff now moves for an assessment and award of

unliquidated damages. Having considered the motion, the record, and the relevant legal

authority, the Court finds that the motion must be DENIED pending an evidentiary hearing.

## I.        JURISDICTION

This Court anchors its authority over this dispute in the "federal question" jurisdiction

provided by 28 U.S.C. § 1331[1] as the action arises under the laws of the United States. Venue

is proper in the Northern Division of the Southern District of Mississippi under 28 U.S.C. §

1391(b)[2] because the alleged events giving rise to this suit unfolded within this judicial district.

---

[1] 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[2] 28 U.S.C. § 1391(b) dictates that a civil action may be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.

## II.    BACKGROUND

Plaintiff is a former prisoner[3] at the Yazoo County Regional Correctional Facility. During her incarceration, Pickell alleges she was sexually assaulted by employees of the Yazoo County Sheriff's Department. Pickell asserts that Defendant Jacob Sheriff ("Sheriff Jacob") was grossly negligent in his duties to recruit, hire, train, manage, and supervise the correctional officers at the facility. She further alleges that Sheriff failed to prohibit staff from engaging in the sexual harassment and abuse of female inmates.

On July 8, 2022, Pickell filed her original Complaint [Docket no. 1]. Defendant Sheriff Jacob was personally served on August 30, 2022. Despite service, Sheriff has not filed an answer to the Complaint. On May 15, 2024, the Clerk of the Court entered a default judgment [Docket no. 12] against Sheriff Jacob pursuant to Rule 55(a)[4] of the Federal Rules of Civil Procedure[3]. On April 21, 2025, Pickell filed the instant Motion for Award of Damages.

## III.    LEGAL STANDARD

Rule 55[5] of the Federal Rules of Civil Procedure governs the entry of default and default judgment. Federal courts follow a three-step process: (1) default; (2) entry of default by the Clerk; and (3) entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

---

[3] The provided documents do not state the specific dates of Crystal Pickell's incarceration. While the Motion for Award of Damages identifies her as a former prisoner at the Yazoo County Regional Correctional Facility, it only refers to her time there as the "said period" during which the alleged incidents occurred. The record indicates the original complaint was filed on July 8, 2022, but it does not specify the start or end dates of her confinement.

[4] Fed. R. Civ. P. 55(a) requires the clerk to enter a party's default when that party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.

[5] Fed. R. Civ. P. 55 outlines the procedure for obtaining a default judgment, distinguishing between entries by the clerk for certain sums and entries by the court for unliquidated amounts.

Although a defendant's default concedes the well-pleaded factual allegations of the complaint, it does not concede the amount of damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may not enter a default judgment for unliquidated damages without a hearing or other evidence to determine the precise amount. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Rule 55(b)(2)[6] grants the court discretion to conduct hearings to "determine the amount of damages."

## IV.    DISCUSSION

Plaintiff seeks unliquidated damages for mental anguish and noneconomic loss resulting from the alleged sexual assault and Sheriff Jacob's gross negligence. She also requests attorney's fees under the Fair Labor Standards Act[7] and court costs.

The Court finds that Pickell has met the procedural requirements for an entry of default judgment under Rule 55(b)[6]. Defendant Sheriff Jacobs was properly served and has failed to participate in or otherwise defend the suit; however, this Court cannot award the requested damages based solely on the current motion.

The Fifth Circuit requires a "mathematical calculation" or "detailed affidavits" to award damages without a hearing. *Frame*, 6 F.3d at 310. Pickell's claims for mental anguish are, by definition, unliquidated. Furthermore, her request for attorney's fees under the Fair Labor Standards Act requires a lodestar analysis—calculating the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433

---

[6] Fed. R. Civ. P. 55(b)(2) permits the court to conduct hearings when it needs to determine the amount of damages or establish the truth of any allegation by evidence before entering judgment.

[7] The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, is a federal statute that establishes minimum wage, overtime pay, recordkeeping, and youth employment standards affecting employees in the private sector and in Federal, State, and local governments.

(1983). The record currently lacks the necessary billing records or testimonial evidence to support a specific monetary award.

## V.    CONCLUSION

The Court accepts the well-pleaded allegations of the complaint regarding Defendant Jacob Sheriff's liability; however, the determination of any award is premature at this juncture.

**IT IS, THEREFORE, ORDERED** that the Motion for Award of Damages Based on Default Judgment **[Docket no. 12]** is **DENIED** at this juncture.

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing on the issue of damages. The party or parties shall contact this Court within ten (10) days of this Order to schedule the hearing.

**SO ORDERED**, this the 27th day of March, 2026.

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**